UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 08-218 |
| CHRIS LAMONT MCCANN | SECTION "L" |

## ORDER & REASONS

The Court has pending before it Defendant Chris Lamont McCann's Motion pursuant to 28 U.S.C. § 2255 (Rec. Doc. 98). The United States has filed a response. (Rec. Doc. 105). The Court has reviewed the briefs and the record and now issues this Order and Reasons.

## I. FACTUAL BACKGROUND

This case arises out of an incident on June 30, 2008, in which Defendant McCann was arrested while in possession of a firearm. McCann, a convicted felon, took a handgun from his waistband and tossed it into the open trunk of a nearby vehicle, all while in the presence of a police officer. McCann was charged with one count of being a convicted felon in possession of a firearm in an Indictment returned on August 7, 2008. At a two-day jury trial, McCann argued through counsel that he had not possessed the handgun and that he had been framed by the police officers. The jury found McCann guilty on the firearm possession count. He was sentenced on June 17, 2009 to 100 months imprisonment.

McCann appealed his conviction and sentence. The Fifth Circuit Court of Appeals affirmed the conviction but vacated the sentence and remanded for resentencing. *See United*

*States v. McCann*, 613 F.3d 486 (5th Cir. 2010). McCann was resentenced on October 7, 2010, to 78 months imprisonment.

## II.   PRESENT MOTION

McCann timely filed a *pro se* motion for relief from his conviction pursuant to 28 U.S.C. § 2255. He contends that his "conviction [was] by use of evidence obtained pursuant to an unlawful arrest. (Rec. Doc. 98 at 4). McCann's argument consists of the following factual statement:

> The Police stated he saw me toss a gun in the trunk of a car. I was arrested on June 30, 2008 and they tested the gun for latent prints on March 12, 2009 and it was stated my prints were not on the gun, because I never had a gun!

*Id.* He attaches a report from the New Orleans Police Department, Scientific Criminal Investigations Division, which reports "negative results" for fingerprints on the gun and magazine at issue in the case. (Rec. Doc. 98-2 at 2). That report was introduced at trial.

The Government has filed an opposition. It argues that the lack of fingerprints on the gun was litigated and argued to the jury at trial, but was not pursued on appeal. Therefore, the Government argues that McCann is procedurally barred from pursuing the issue through collateral habeas review.

## III.   LAW & ANALYSIS

McCann moves for collateral review of his conviction pursuant to 28 U.S.C. § 2255. "The Supreme Court has emphasized repeatedly that 'a collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Pursuant to § 2255, "[a] defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude." *E.g.*, *United States*

*v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *Shaid*, 937 F.2d at 232).[1] Furthermore, "[a] section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *accord Shaid*, 937 F.2d at 232. "This cause and actual prejudice standard presents 'a significantly higher hurdle' than the 'plain error' standard" applicable on direct appeal. *Shaid*, 937 F.2d at 232 (quoting *Frady*, 456 U.S. at 166).

"The 'cause' standard requires [McCann] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992)). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* "In addition to cause, [McCann] must show actual prejudice to overcome the procedural bar." *Id.* at 994. "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." *Id.* If McCann cannot show cause and actual prejudice, he may still be entitled to relief if this is an "extraordinary case" in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Shaid*, 937 F.2d at 232.

It is not clear to the Court what constitutional error McCann actually asserts. His motion

---

[1] "If the error is not of constitutional or jurisdictional magnitude, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Shaid*, 937 F.2d at 232 n.7.

asserts a "Conviction obtained by use of evidence obtained pursuant to an unlawful arrest," on a form which lists this ground as one of the "most frequently raised grounds for relief in these proceedings." (Rec. Doc. 98 at 3-4). The purported facts supporting that basis are simply that the NOPD report "stated my prints were not on the gun, because I never had a gun!" (Rec. Doc. 98 at 4). But the NOPD fingerprint report that McCann relies on was introduced into evidence at trial. (Rec. Doc. 80 at 179-81). Several witnesses were examined and cross-examined regarding the report. Thus, the fingerprint report was fully litigated and the jury had every opportunity to consider it. Apparently, McCann maintains his trial theory that he was framed by law enforcement officers and never actually possessed the gun. The jury was presented with the NOPD fingerprint analysis and thus had the evidence to consider this theory. The jury evidently believed the eyewitness testimony of the arresting officer and rejected the implications of a frame-up, because the jury found McCann guilty of possessing the firearm.

Assuming for the sake of argument that the fingerprint report suggests some constitutional error with his conviction, that claim was not pursued on appeal. The issues on appeal involved comments made during closing statements, the admissibility of other discrete pieces of testimony and evidence, and the calculation of McCann's sentence. *See McCann*, 613 F.3d at 490-504. McCann's counsel on appeal did not argue the sufficiency of evidence or otherwise raise the existence of the fingerprint report. Thus, if there is a constitutional claim at issue, McCann is procedurally barred from asserting it in this § 2255 motion unless he can show cause and actual prejudice.

The Court recognizes that McCann is proceeding *pro se*. Nonetheless, he has not articulated and the Court cannot discern any cause for failing to raise on appeal a claim involving the fingerprint report. The issue was amply presented to the jury at trial but not pursued on

appeal. McCann has not argued that failure to pursue the matter on appeal (whatever that matter might be) was the result of ineffective assistance of counsel or any other cause that would excuse him from the procedural bar.[2]

McCann's argument is that the gun did not have his fingerprints when it was tested over a year after his arrest, and therefore this proves that he did not and could not have possessed the gun. This issue was adequately presented to the jury. The jury rejected this evidence and found him guilty of possessing the firearm. The issue was not pursued on appeal. McCann is procedurally barred from raising it through this § 2255 motion.

IV. CONCLUSION

For the foregoing reasons, Defendant's motion (Rec. Doc. 98) is DENIED. Further, because jurists of reason would not find debatable whether the petition states a valid claim of the denial of a constitutional right and jurists of reason would not find debatable whether the Court was correct in its procedural ruling, no certificate of appealability of this Order and Reasons shall issue.

New Orleans, Louisiana, this 7th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Even if McCann did argue ineffective assistance of counsel for failing to pursue some appellate claim based on the fingerprint report, that argument would not succeed. A party arguing ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that if counsel had not acted unprofessionally the outcome of the proceeding would have been different. *See United States v. Strickland*, 466 U.S. 668, 694 (1984). Counsel's decision to pursue the issues actually raised on appeal, which presented difficult legal issues and which actually resulted in a reduced sentence, was objectively reasonable.